**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEX PRINCE : | |
|     Plaintiff : | |
| : | CIVIL ACTION |
| v. : | NO. |
| : | |
| TRUMARK FINANCIAL CREDIT UNION : | |
|     Defendant : | JURY TRIAL DEMANDED |

**FIRST COMPLAINT**

**I.      INTRODUCTION**

Plaintiff, Alex Prince, brings this action against Trumark Financual Credit Union. While working for Defendant, Plaintiff was discriminated against based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *et seq.* ("PHRA"). Plaintiff seeks damages, including compensatory and punitive damages and all other relief this Court deems appropriate.

**II.     PARTIES**

1. Plaintiff Alex Prince, is an individual and a citizen of the Commonwealth of Pennsylvania. He resides at 102 Willowbrook Drive, Jeffersonville, PA 19403.

2. Plaintiff is Caucasian.

3. Upon information and belief, Defendant, Trumark Financial Credit Union is a Pennsylvania Corporation with a principal place of business located at 355 Commerce Drive, Fort Washington, PA 19034.

4. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5. At all times material hereto, Defendant employed more than fifteen (15) employees.

6. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7. At all times material hereto, Defendant acted as an employer within the meanings of the statutes which form the basis of this matter.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meanings of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

9. The causes of action which form the basis of this matter arise under Title VII, and the PHRA.

10. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

11. The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

12. Venue is proper in the District Court under 28 U.S.C. §1391 (b) and 42 U.S.C. §2000(e)-5(f).

13. On or about October 27, 2021, Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein. This Charge was cross-filed with the Pennsylvania Human Rights Commission ("PHRC").

14. On or about May 12, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein and marked as Exhibit A is a true and correct copy of the notice.

15. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff's race is Caucasian.

17. On November 18, 2019, Plaintiff was hired by Trumark Financial Credit Union as branch manager for the Ft. Washington Pennsylvania Branch.

18. In or about August 2020, Plaintiff hired an African American female, Janel Johnson to replace a Caucasian employee who left the Credit Union.

19. In or about November 2020, an assistant manager approached Plaintiff and indicated Ms. Johnson was pressuring her to return bank fees charged on her boyfriends account.

20. Plaintiff emailed the events to his superiors for guidance.

21. The next day Plaintiff was called into the office of his superior Karen Sweeney and told without detail that two black female employees had complained about him. When he asked what specifically she was talking about he was told it involved the incident with Ms. Johnson.

22. The day after this meeting Plaintiff was informed that neither Plaintiff nor Ms. Johnson would receive any disciplinary action over this incident and same would be deemed a "misunderstanding."

23. In December 2020, during Plaintiff's review he was given a lower rating and was told it was due to the incident with Ms. Johnson, which caused him to receive a lower wage. To the best of Plaintiff's understanding Ms. Johnson received no discipline.

24. On or about July 16, 2021, without any warning, Plaintiff was informed by Ms. Sweeny that she received another complaint from Ms. Johnson about Plaintiff and without any detail regarding the content of the complaint or providing him opportunity to rebut same he was fired for purportedly creating a "hostile work environment" and for "retaliation."

25. Plaintiff's race was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, which included, but is not limited to, Plaintiff's termination.

26. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights by terminating him, treating him differently and retaliating against him because of his race.

27. The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

28. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I

29. Plaintiff incorporates herein by reference all previous paragraphs if set forth herein in their entirety.

30. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

31. Said violations were malicious and/or committed with reckless indifference against Plaintiff and warrant the imposition of punitive damages.

32. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein.

33. Plaintiff are now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

34. No previous application has been made for the relief requested herein.

## COUNT II

35. Plaintiff incorporate herein by reference all previous paragraphs as if set forth herein in their entirety.

36. Defendant, by the above improper, discriminatory and retaliatory acts, have violated the PHRA.

37. Said violations were intentional and willful.

38. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and have incurred attorney's fees.

39. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

40. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and equitable relief to the extent that he has been harmed by Defendant's conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a. declaring the acts and practices complained of herein to be in violation of Title VII;

b. declaring the acts and practices complained of herein to be in violation of the PHRA;

c. enjoining and permanently restraining the violations alleged herein;

d. entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

e. awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

f. awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

g. awarding punitive damages to Plaintiff under Title VII;

    h.  awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

    i.  awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

    j.  granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Dated: 08-05-2022

SBARBARO LAW OFFICES, LLC
BY: s/ *AARON B. GORODETZER*

Aaron B. Gorodetzer, Esquire (Pa. Attorney ID No. 203384)
705 Gordon Drive
Exton, PA 19341
610-344-7300
610-441-7523 (fax)
Attorneys for Plaintiff Alex Prince

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/12/2022

**To:** Mr. Alex Prince
1504 Cranberry Drive
Norristown, PA 19403

Charge No: 530-2022-00699

EEOC Representative:     Legal Unit (267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2022-00699.

On behalf of the Commission,

Digitally Signed By: Jamie Williamson
05/12/2022

Jamie Williamson
District Director

**Cc:**
Alexander J Nassar
Royer Cooper Cohen Braunfeld LLC
anassar@rccblaw.com

Kelly Botti
TRUMARK FINANCIAL CREDIT UNION
KBotti@trumark.org

Aaron B Gorodetzer
SBARBARO LAW OFFICE, LLC
705 Gordon Drive
Exton, PA 19341


Please retain this notice for your records.